UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN FITZPATRICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | C.A. No.   13-11756-NMG |
| KELLY RYAN, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

BACKGROUND

GORTON, D.J.

On July 23, 2013, petitioner Sean Fitzpatrick, an inmate at MCI Shirley, Medium, submitted for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction in the Middlesex County Superior Court on two counts of first degree murder.  He was sentenced to life without parole.

Petitioner asserts that he should not have been found guilty because the evidence against him was insufficient.  He also contends that the trial court should not have excluded and limited third-party culprit evidence showing that some other person was guilty.  Next, he claims the New Hampshire toll records showing he was in New Hampshire at some time prior to the crime did not support a guilty verdict.

Along with the petition, petitioner filed a Motion for Appointment of Counsel (Docket No. 2) and a Motion for Leave to proceed *in forma pauperis* (Docket No. 3).

DISCUSSION

I.    The Motion for Leave to Proceed *In Forma Pauperis*

A review of petitioner's prison account statement indicates that he has $1,068.61 in his inmate account.  His financial affidavit indicates that he received a $40.00 donation from a friend.  Further, he states he has approximately $130,000.00 in a checking or savings account,

and owns real property in New Hampshire valued at $46,000.00.

Although petitioner asserts that his assets are frozen by a writ of attachment in connection with a wrongful death suit in the Strafford County Superior Court in New Hampshire, the prison account statement does <u>not</u> reflect any freezing of his prison account.  In any event, based on his financial disclosures, this Court finds that petitioner has not demonstrated sufficiently that he is without funds to pay the modest $5.00 filing fee.

Accordingly, petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) will be <u>DENIED</u>.[1]  If petitioner wishes to proceed with this action, he shall pay the $5.00 filing fee within 21 days of the date of this Memorandum and Order.  Failure of petitioner to comply with this directive may result in the dismissal of this action without prejudice.

Upon receipt of the $5.00 filing fee, the clerk shall issue a Service Order directing service of the habeas petition and a response from respondent.

II.     <u>The Motion for Appointment of Counsel</u>

Section 3006A(a)(2) of Title 18 authorizes the Court to appoint legal counsel to financially eligible persons seeking habeas corpus under § 2241, 2254, or 2255 when the Court determines that the "interests of justice so require."  18 U.S.C. § 3006A(a)(2); <u>See</u> <u>Serrano</u> v. <u>Dickhaut</u>, 2012 WL 2343730, *1 (D. Mass. 2012).  The Court's decision whether to appoint counsel, however, is discretionary.  A habeas petitioner does not have a constitutional or statutory right to appointed counsel.  <u>Id.</u>; <u>Jackson</u> v. <u>Coalter</u>, 337 F.3d 74, 77 n. 2 (1st Cir. 2003). The United States Court of Appeals for the First Circuit has set forth three criteria for consideration in the "rare" case where appointment of counsel for a habeas petitioner is warranted.  <u>Id.</u> citing <u>United States</u> v. <u>Mala</u>, 7 F.3d 1058, 1063-64 (1993).  These factors include:

---

[1] While unclear, it may be that petitioner submitted his financial affidavit as proof of indigency in connection with his Motion for Appointment of Counsel.  This Court considers the financial affidavit as part of its evaluation of that motion.

(1) the likelihood of success on the habeas claim; (2) the level of complexity of the facts and law; and (3) the prisoner's ability to investigate and develop the factual record necessary to the claim. Id.

Here, petitioner contends that he is unable to pay for his own counsel. In support, he attaches a letter/addendum. In it, he claims his assets were frozen so that he could not afford to retain criminal counsel or counsel for this habeas petition. He also contends there was a use of illegal wiretap evidence against him, as well as electronic toll both data, which he asserts was obtained in violation of New Hampshire law. Further, he alleges that after his second trial, the trial judge forced the jury to return to deliberate after it had appeared they were deadlocked, as the first jury was. He claims that the judge refused to allow him to call a witness that would shed reasonable doubt as to his guilt. Finally, he alleges that he was appointed appellate counsel, Attorney Robert George, at a time when this attorney was the subject of a federal investigation himself. He alleges that Attorney George later was arrested and convicted of federal crimes.

On this record, this Court cannot gauge adequately the likelihood of success on the merits in the absence of a response by the respondent. Moreover, petitioner appears to have some familiarity with legal concepts and proceedings, and is proficient in the English language. Further, the issues presented do not appear to raise complex or novel issues of fact or law.

In light of the above, this Court cannot find that it is in the interests of justice to appoint counsel at this time. Accordingly, his Motion for Appointment of Counsel (Docket No. 3) will be DENIED without prejudice to renew after the respondent has filed a responsive pleading.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is DENIED;

2. Within 21 days of the date of this Memorandum and Order, petitioner shall pay the $5.00 filing fee for this habeas action or this case will be dismissed;

3.      Petitioner's Motion for Appointment of Counsel (Docket No. 2) is <u>DENIED</u>; and

4.      Upon receipt of the $5.00 filing fee, a Service Order shall enter; the clerk shall serve the petition and the respondent shall file a response.

SO ORDERED.

<u>August 16, 2013</u>                              <u>/s/ Nathaniel M. Gorton</u>  
DATE                                          NATHANIEL M. GORTON  
                                                   UNITED STATES DISTRICT JUDGE