United States District Court
District of Massachusetts

| | |
|---|---|
| SEAN FITZPATRICK, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KELLY RYAN, )<br>)<br>Respondent. )<br>) | Civil Action No.<br>13-11756-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Petitioner Sean Fitzpatrick ("Fitzpatrick" or "petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to vacate his 2009 conviction of two counts of first-degree murder. Petitioner argues that his conviction should be overturned for three reasons: (1) the evidence presented at trial was insufficient to support a guilty verdict, (2) the trial court should not have excluded evidence of a third party culprit and (3) admission of New Hampshire toll records was improper. Opposing Fitzpatrick's petition, respondent Kelly Ryan ("Ryan" or "respondent") asserts that it should be dismissed because of petitioner's failure to exhaust his state court appeals of the issues raised therein.

Federal courts cannot review the merits of a petition under § 2254 "unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261

-1-

(1st Cir. 1997). The exhaustion doctrine protects the role of state courts in our federal system and ensures that federal courts can review a complete factual record when assessing habeas petitions. Fusi v. O'Brien, 621 F.3d 1, 5 (1st Cir. 2010).

If a petitioner files a "mixed petition," one that contains both exhausted and unexhausted claims under federal law, a district court can either (1) dismiss the entire petition without prejudice to give the petitioner an opportunity to dismiss any unexhausted claims or (2) stay the mixed petition and hold it in abeyance while the petitioner exhausts his claims, lifting the stay once all claims are exhausted. DeLong v. Dickhaut, 715 F.3d 382, 386-87 (1st Cir. 2013). The First Circuit Court of Appeals has recommended, however, that the former is the "wiser practice." Neverson v. Farquharson, 366 F.3d 32, 43 (1st Cir. 2004). Indeed, the "stay and abeyance" procedure is appropriate only when the petitioner has shown "good cause" for failing to exhaust his claims. Rhines v. Weber, 544 U.S. 269, 277 (2005).

Here, despite Fitzpatrick's arguments to the contrary, the Court finds that he has brought a mixed petition. Petitioner appealed his 2009 conviction directly to the Massachusetts Supreme Judicial Court ("the SJC"), arguing that it violated constitutional and common law prohibitions against double jeopardy, that the evidence against him was insufficient and

that several evidentiary rulings were incorrect. Commonwealth v. Fitzpatrick, 977 N.E.2d 505 (Mass. 2012). Although Fitzpatrick's challenge of the sufficiency of the evidence against him referred to both state and federal law, id. at 509-17, petitioner's arguments to the SJC with respect to evidence of a third party culprit and New Hampshire toll records centered on state law and almost entirely ignored issues of federal law. Id. at 517-21. The Court agrees with respondent that any of petitioner's references to federal constitutional rights were "passing" at best. See Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001) (citation omitted).

Accordingly, petitioner's second and third grounds for federal relief under § 2254 were not fully exhausted in the Massachusetts state courts, precluding their consideration by this Court at this time. The Court takes no position with respect to the other arguments raised by respondent.

With the petition's mixed nature determined, the Court must select the path forward for Fitzpatrick's effort to overturn his 2009 conviction. In this case, he has not shown good cause for his failure to exhaust his claims in the state appellate courts. See Rhines, 544 U.S. at 277. Accordingly, the Court will not hesitate to adopt the "wiser practice" recommended by the First Circuit, namely to dismiss the entire petition without prejudice and put the ball back in petitioner's figurative court. He may (1) re-file only his exhausted claim based on the alleged

-3-

insufficiency of the evidence within 30 days of this order, thereby waiving his claims under the unexhausted grounds, or (2) appeal the unexhausted claims in state court and subsequently re-file his petition after all claims have been exhausted.

### ORDER

Respondent Ryan's motion to dismiss (Docket No. 19) is **ALLOWED** and the petition is **DISMISSED without prejudice**. On or before July 22, 2014, petitioner may waive his unexhausted claims and re-file his petition. If he does not do so, the petition will be dismissed with prejudice and final judgment will be entered.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated June 25, 2014